UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**JOSEPH JORDAN,**

               Petitioner,

                                         **Case No. 07-C-382**

      **-vs-**

**WARDEN HUIBREGTSE,**

               Respondent.

## DECISION AND ORDER

The petitioner, Joseph Jordan ("Jordan"), filed this action under 28 U.S.C. § 2254 accompanied by a motion to hold it in abeyance so he can exhaust his unexhausted claims in state court.[1]

Jordan's petition is a "mixed petition," which the Court cannot adjudicate. *See Rose v. Lundy*, 455 U.S. 509, 518-19 (1982). However, the Court may stay Jordan's mixed petition if he "has good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005).

Jordan was convicted of first degree reckless homicide and is currently serving a 56-year prison sentence. The unexhausted claim Jordan wants to pursue is for ineffective assistance of counsel. To succeed, Jordan must demonstrate that counsel's performance was

---

[1] Jordan has also requested leave to proceed *in forma pauperis* ("IFP"). This motion is granted.

deficient – namely, "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," *Raygoza v. Halick*, 474 F.3d 958, 962 (7th Cir. 2002) – and that counsel's deficient performance prejudiced the defense so that there is a reasonable probability that the outcome would have been different without the deficiency. *United States v. Malone*, — F.3d —, 2007 WL 1238870, No. 06-2915 (7th Cir. April 30, 2007). "We presume that counsel is effective, and a defendant bears a heavy burden in making out a winning claim based on ineffective assistance of counsel." *United States v. Farr*, 297 F.3d 651, 658 (7th Cir. 2002).

      Jordan argues that counsel was ineffective by failing to call two witnesses at trial. Jordan provides detailed statements from these witnesses (Jason Hohnstein and Quincy Grant), both of which purport to establish his innocence. Hohnstein supposedly witnessed the shooting, claiming that Jordan was not the shooter and was not even at the crime scene. Incredibly, the statement provided by Grant accepts responsibility for the murder – Grant admits that *he* was the shooter and that Jordan was not present. The problem is that neither of these "statements" are signed, authenticated, or sworn to under oath. They are worthless as evidence. Therefore, Jordan fails to meet his burden of demonstrating that his unexhausted claim is potentially meritorious. His motion to stay is denied and his mixed petition is dismissed.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Jordan's motion for leave to proceed IFP [Docket No. 2] is **GRANTED**;

2. Jordan's motion to stay his mixed petition [Docket No. 3] is **DENIED**; and

3. Jordan's petition for a writ of habeas corpus is **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 3rd day of May, 2007.

                                              **SO ORDERED,**

                                              **s/ Rudolph T. Randa**
                                              **HON. RUDOLPH T. RANDA**
                                              **Chief Judge**