# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

JOSEPH J. JORDAN,

        Petitioner,

   -vs-

MICHAEL BAENEN, Warden,
Green Bay Correctional Institution,

        Respondent.

Case No.  07-C-382

## DECISION AND ORDER

In 2003, Joseph Jordan was sentenced to thirty-six years imprisonment following his state-court convictions for one count of first-degree reckless homicide, three counts of first-degree recklessly endangering safety, and one count of being a felon in possession of a firearm. After a lengthy stay, during which Jordan returned to state court to exhaust certain unexhausted claims, he presses six claims in the instant petition for a writ of habeas corpus. 28 U.S.C. § 2254. None of them have merit, and this action will be dismissed.

When a state court decides a constitutional claim on the merits, a writ of habeas corpus will not issue unless the state-court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts" in light of the evidence before the state court. §

2254(d)(1)-(2). The standard set forth in § 2254(d)(1) "is a strict one." *Taylor v. Grounds*, 721 F.3d 809, 817 (7th Cir. 2013). "[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Williams v. Taylor*, 529 U.S. 362, 410 (2000) (emphasis in original). Jordan must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, --- U.S. ---, 131 S. Ct. 770, 786-87 (2011). Under § 2254(d)(2), a decision "involves an unreasonable determination of the facts if it rests upon fact-finding that ignores the clear and convincing weight of the evidence." *Goudy v. Basinger*, 604 F.3d 394, 399-400 (7th Cir. 2010). The Court presumes that the state courts' factual determinations are correct unless rebutted by clear and convincing evidence. § 2254(e)(1).

First, Jordan presses a variety of claims under the general rubric of ineffective assistance of counsel. To succeed, Jordan must demonstrate that his counsel's performance was unreasonable and that the deficient performance prejudiced his defense. *Peterson v. Douma*, 751 F.3d 524, 531 (7th Cir. 2014) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *see also Ashburn v. Korte*, --- F. 3d ----, 2014 WL 3767178, at *5 (7th Cir. Aug. 1, 2014) ("great deference is afforded to the state court's analysis of *Strickland*'s cause and prejudice prongs").

Jordan claims that he asked counsel to do a "reasonable pretrial investigation" by contacting witnesses who would attest to his innocence. Jordan failed to exhaust this claim in state court. *Bolton v. Akpore*, 730 F.3d 685, 694-95 (7th Cir. 2013) (discussing exhaustion requirement). Moreover, in a post-conviction motion, Jordan presented evidence from witnesses attesting to his innocence. In this context, the state court rejected Jordan's request for a new trial because of "deep concern as to the truth and the veracity" of the various witness statements presented by Jordan. ECF No. 47-6, at 404; *State of Wisconsin v.* Jordan, Appeal No. 2011AP1249 (Wis. Ct. App. June 25, 2013). Thus, even if counsel's failure to contact these witnesses could be considered deficient performance, Jordan did not suffer any prejudice therefrom. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

Jordan also argues that his attorney should have objected when the prosecutor argued that a law enforcement witness would not take a career risk by lying on the stand. The trial court, in an opinion adopted and incorporated by reference by the appeals court, found that the prosecutor's comment was a "slight impropriety" at best, and whether "sustained or overruled, the objection would not have altered the outcome of the trial or any subsequent appeal." ECF No. 47-4, at 119; *State of Wisconsin v. Jordan*,

Appeal No. 2004AP2616-CR (Wis. Ct. App. June 28, 2005). This analysis is not contrary to, or an unreasonable application of, *Strickland v. Washington*. Such comments about a government witness have been held "clearly improper when considered in isolation, because it amount[s] to vouching for the credibility of a witness." *United States v. Swiatek*, 819 F.2d 721, 731 (7th Cir. 1987). Even so, the failure to *object* to such a comment normally should not amount to deficient performance. *See, e.g., United States v. Necoechea*, 986 F.2d 1273, 1281 (9th Cir. 1993) ("Because many lawyers refrain from objecting during opening statement and closing argument, absent egregious misstatements, the failure to object during closing argument and opening statement is within the 'wide range' of permissible professional legal conduct"). Nor was Jordan prejudiced by the failure to object. The trial court advised the jurors before closing arguments that "the words of the attorneys are not the evidence in this case and their arguments and conclusions that they're entitled to express at this stage are not evidence and must not be considered by you as evidence." ECF No. 47-9, at 420; *see, e.g., Snell v. Lockhart*, 14 F.3d 1289, 1301 (8th Cir. 1994) ("Because Snell has not overcome the presumption that the jury acted according to law, he has not shown prejudice resulting from his attorney's failure to object").

Next, Jordan argues that the trial court erred when it refused his request to proceed *pro se*. Jordan made this motion on the first day of his trial.

- 4 -

The trial court initially granted Jordan's motion, then reversed course when Jordan ran into difficulty. In denying Jordan's motion for post-conviction relief, the trial court wrote: "In this case, once I began to facilitate the exchange of discovery materials, . . . it quickly became apparent that effective representation in this case required an ability to manage and digest at least some portion of the massive amount of discovery documents." ECF No. 47-4, at 115. "In light of the colloquy regarding Jordan's limited fourth-grade reading ability, his young age of 21, his lack of education (he dropped out of school in eighth grade), the extensive amount of discovery (997 pages), and the extremely serious charges, I reasonably and properly determined that Jordan lacked the capacity to present a meaningful defense in this case." *Id.* at 115-16.

A defendant in a state criminal trial has a constitutional right to proceed without counsel when he voluntarily and intelligently elects to do so. *Faretta v. California*, 422 U.S. 806, 807 (1975). In reversing its initial ruling, the trial court applied the standards set forth in *State v. Klessing*, 564 N.W. 2d 716 (Wis. 1997) and *Pickens v. State*, 292 N.W. 2d 601 (Wis. 1980). These cases, as the Seventh Circuit explained, "set a higher standard for waivers of the *Faretta* right than for competence to stand trial." *Brooks v. McCaughtry*, 380 F.3d 1009, 1013 (7th Cir. 2004).

The trial court acknowledged *Godinez v. Moran*, 509 U.S. 389 (1993),

which held that the "competence that is required of a defendant seeking to waive his right to counsel is the competence to *waive the right,* not the competence to represent himself. . . . a criminal defendant's ability to represent himself has no bearing upon his competence to *choose* self-representation." *Id.* at 399-400 (emphasis in original). This reasoning would seem to support Jordan's claim, but the Seventh Circuit held otherwise in *Brooks v. McCaughtry*:

> The Supreme Court of Wisconsin held in [*Klessig*], that the state's approach, modified in [*Pickens*], had survived *Godinez,* albeit with a modification irrelevant to this case. Because being competent to stand trial and having waived the right to counsel do not require the same information, and because the former competence does not imply an effective waiver in all cases, we do not think that Wisconsin's approach violates the rule of *Godinez.*

380 F.3d at 1013. The Seventh Circuit acknowledged that this analysis "may be wrong," but the result would be the same in the context of habeas proceedings:

> Remember that a state court's decision can be struck down in a federal habeas corpus proceeding only if it is contrary to 'clearly established' federal law as declared by the Supreme Court. *Godinez* did not *clearly* establish a rule, which is the rule for which Brooks contends, that a defendant found competent to stand trial is automatically entitled to represent himself no matter how deficient his understanding of the consequences of going to trial without a lawyer.

*Id.* (emphasis in original). Thus, Jordan's claim is without merit. *See, e.g., Gomez v. Berge*, No. 04-C-17-C, 2004 WL 1852978, at *16 (W.D. Wis. Aug. 18,

2004) ("in *Brooks* the Seventh Circuit appears to suggest that the defendant's actual abilities and conduct during trial are factors that a trial judge may use to conclude, *nunc pro tunc*, that the defendant had *never actually* executed a 'knowing and intelligent' waiver of counsel, notwithstanding the pretrial colloquy at which the court would have determined that the defendant had indeed waived counsel knowingly and voluntarily. This is a dubious proposition, but there's no point in parsing it further because it is the law of this circuit") (emphasis in original).

Jordan's third claim, separately designated, is another assertion of ineffective assistance of counsel. Here, Jordan claims that his post-conviction counsel was ineffective. As the court of appeals acknowledged, there is no constitutional right to an attorney in state post-conviction proceedings. ECF No. 47-6, at 414. Thus, "a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." *Id.* (quoting *Coleman v. Thompson*, 501 U.S. 722, 752 (1991)). Jordan also argues, in his fourth claim, that he was denied the right to represent himself in his post-conviction proceedings, but there is no such constitutional right. *See, e.g., Ramirez v. Dep't of Corr.*, No. 8:05-cv-104-T-23EAJ, 2007 WL 2113659, at *9 (M.D. Fla. July 23, 2007) ("Because a defendant possesses no corresponding Sixth Amendment right to counsel in a post-conviction collateral proceeding, a defendant possesses no right to self-representation in a collateral proceeding").

In ground five, Jordan complains that the court of appeals erroneously affirmed the trial court's "wholesale adoption of the State's brief without explanation" of newly discovered evidence. To the contrary, as the court of appeals held:

> the circuit court did not erroneously exercise its discretion when it concluded that the evidence submitted by Jordan's newly discovered witnesses was inadequate to entitle him to a new trial. The circuit court found that there was '[n]o reasonable probability of a jury hearing all of the evidence, the trial evidence and newly discovered evidence, would have a reasonable doubt as to the defendant's guilt.' The circuit court rested its decision on its finding that the affidavits on which Jordan's newly-discovered-evidence claim relied 'appeared to be contrived and put together by the same person.' As we set forth in detail above, the circuit court aptly explained its decision and that decision is supported by the record.

ECF No. 47-6, at 408. In any event, the "refusal to grant a new trial on the basis of newly discovered evidence is not actionable in habeas corpus." *Johnson v. Bett*, 349 F.3d 1030, 1038 (7th Cir. 2003). Where "newly discovered evidence" consists of "witness recantations of trial testimony or confessions by others of the crime, most courts decline to consider it in the absence of any showing that the prosecution knowingly proffered false testimony or failed to disclose exculpatory evidence, or that petitioner's counsel was ineffective." *Id.* (quoting *Coogan v. McCaughtry*, 958 F.2d 793, 801 (7th Cir. 1992)). Jordan cannot meet this burden in light of the state court's findings of fact.

Finally, Jordan argues that the "cumulative effect" of the issues

presented requires reversal in the interests of justice. Not so, as the court of appeals explained: "There was ample evidence admitted at trial suggesting that Jordan killed Robinson, including Jordan's signed statement to police admitting to the crime. Jordan has now had two opportunities to convince us that the trial was unfair. He has not done so." ECF No. 47-6, at 415; *see Whitman v. Bartow*, 434 F.3d 968, 971 (7th Cir. 2006) ("trial errors are often found harmless where the record is replete with overwhelming evidence of the defendant's guilt").

In connection with this Order, the Court must determine whether to issue or deny a certificate of appealability. Rule 11(a), Rules Governing Section 2254 Cases. Here, there is no "substantial showing" that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1.    Jordan's motions for appointment of counsel [ECF Nos. 50, 52] are **DENIED**;

2.    Jordan's motion for an extension of time [ECF No. 48] is **DENIED**;

3.    Jordan's petition for a writ of habeas corpus is **DENIED**. The Court will not issue a certificate of appealability. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 23rd day of September, 2014.

BY THE COURT:

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**