UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOSEPH J. JORDAN,

    Petitioner,

v.                                               Case No. 07-C-382

WARDEN RANDALL R. HEPP,

    Respondent.

---

**ORDER GRANTING PETITION FOR WRIT OF *HABEAS CORPUS* (DKT. NO. 1) AND ORDERING RESPONDENT TO RELEASE JORDAN FROM CUSTODY UNLESS THE STATE INITIATES PROCEEDINGS WITHIN NINETY DAYS**

---

Joseph J. Jordan filed a federal petition for writ of *habeas corpus* on April 25, 2007, challenging his 2003 conviction in Milwaukee County Circuit Court on one count of first-degree reckless homicide, three counts of first-degree endangerment, and one count of being a felon in possession of a firearm. Dkt. No. 1. On May 3, 2007, Judge Randa denied the petition because it included exhausted and unexhausted claims. Dkt. No. 4. The Seventh Circuit Court of Appeals reversed, and remanded with the instruction that the district court grant the request for stay and abeyance and allow the petitioner to return to state court to raise his unexhausted claims. Dkt. No. 19. Judge Randa entered the stay pending the exhaustion of the state law claims, and closed the case for administrative purposes. Dkt. No. 20, 27. The petitioner moved to reopen the federal *habeas* on December 30, 2013. Dkt. No. 33. Once the case

1

had been reopened, Judge Rudolph Randa denied the *habeas* petition and declined to issue a certificate of appealability. Dkt. No. 53.

On appeal, the Seventh Circuit affirmed the denial of the petition on the self-representation claim, but reversed and remanded on his ineffective assistance of counsel claim. Dkt. No. 67. Specifically, the court found that the prosecutor at the petitioner's state court trial had improperly vouched for a witness during closing argument. Id. at 15. The Seventh Circuit instructed this court to hold a hearing under 28 U.S.C. § 2254(e)(2), to allow the parties to present evidence as to whether the petitioner's counsel had had a strategic reason for failing to object to the prosecution's improper vouching for witness credibility. Id. On April 12, 2017, Judge William E. Duffin presided over the evidentiary hearing. Dkt. No. 82. This court has reviewed the transcript of that hearing. Dkt. No. 83. Because the petitioner's state defense counsel could not articulate with any degree of certainty that he had a strategic reason for failing to object to the vouching, and because the Seventh Circuit already has found that the petitioner suffered prejudice as a result of the defense attorney's failure to object, the court must grant the petition on the ineffective assistance of counsel claim.

I. **BACKGROUND**

The state charges arose from the shooting death of David Robison. State v. Jordan, 349 Wis. 2d 524, 2013 WL 3186534 at *1 (Ct. App. June 25, 2013). The prosecution argued that on June 22, 2002, the petitioner was in a vehicle driven by Michael Blake Jones ("Blake"), when the petitioner reached over

2

Blake to shoot and kill Robinson, who was in another car. Id. There was conflicting eyewitness testimony—one witness identified Blake as the shooter, another could not identify the shooter, yet another identified the petitioner as the shooter, and one indicated that while Blake had done the shooting, he'd conspired with someone else to blame the petitioner. Jordan v. Hepp, 831 F.3d 837, 841 (7th Cir. 2016). At trial, however, the State admitted into evidence an eight-page statement signed by Jordan. Jordan, 2013 WL 3186534 at *1. Jordan testified that he had signed the statement after law enforcement interrogated him for thirteen hours over a twenty-seven-hour period, that he maintained his innocence, and that the detectives misled him about the document he signed so that he could go home. Jordan, 831 F.3d at 841; see also Dkt. No. 47-9 at 268-341.

Well before the trial, the court had allowed Attorney Michael J. Steinle to withdraw from representing the petitioner, and had appointed Attorney Russell D. Bohach to succeed him. Dkt. No. 47-2 at 99. The petitioner repeatedly complained about his attorney not meeting with him or investigating his leads. Id. at 99-106. On the day of the jury trial, the petitioner asked the trial court to appoint new counsel, delay the trial to allow his attorney to conduct more research, or allow the petitioner to represent himself. Dkt. No. 47-2 at 174. The court denied the first two options, and then considered whether the petitioner (who was almost illiterate) was competent to waive counsel. Jordan, 831 F.3d at 841-42. The court concluded that the petitioner was capable of representing himself, and allowed the petitioner to do so. Id. at 842. Later that same day,

3

however, the court resumed an evidentiary hearing, this time with the petitioner representing himself. Based on things that happened during that hearing, the court changed its mind, and decided that the petitioner was not competent to represent himself at trial. Id.

The issue before the court involves the prosecutor's comments during the closing argument of the trial. A key issue in the case was the petitioner's confession, and his argument that law enforcement officers had misled him into signing the confession. Id. During closing, the prosecutor made the following statement about the detectives who had asserted that the defendant had voluntarily confessed:

> Now, the big question here is the credibility. Who do you believe? This detective and Detective Hernandez or the defendant? It boils down to that. Basically, the defendant said he never made that statement at all. Never did. No if's, ands, or buts. He never said it. Detectives Hein and Hernandez said he did. Somebody's lying. Who is it? She's going to put her whole career and her future on the line for this case? She does this everyday. She's investigating homicide cases everyday for years. Who has the most to lose based on your verdict in this case? Her or him?

Dkt. No. 47-9 at 469. The petitioner's counsel did not object to these statements.

The jury returned guilty verdicts on charges of first-degree reckless homicide, first degree recklessly endangering safety (two counts), and possession of a firearm. Dkt. No. 47-2 at 50-51, 109-115. The petitioner filed a post-conviction motion, claiming that (1) the trial court used the wrong standard when it found that he was not competent to represent himself at trial, (2) he was denied the effective assistance of counsel because his trial lawyer

4

did not object when the prosecutor allegedly vouched for police detectives' credibility during closing arguments, and (3) the trial court did not enquire about what the petitioner alleged was a conflict of interest—the fact that the taxpayers paid the petitioner's trial lawyer without the petitioner's knowledge or consent. State v. Jordan, 285 Wis. 2d 806, 2005 WL 1515077 at *1 (Ct. App. June 28, 2005).

In a written order dated September 17, 2004, the state court denied the petitioner's *pro se* post-conviction motion. Dkt. No. 47-2 at 152-171, 174-186. The trial court also denied the petitioner's motion for reconsideration. Id. at 193. The Wisconsin Court of Appeals affirmed, finding that the trial court had applied the proper legal standards to the relevant facts, and the Wisconsin Supreme Court denied review. Jordan, 2005 WL at *1, cert. denied, 289 Wis. 2d 11, 712 N.W.2d 35 (2006). The petitioner next filed a Wis. Stat. §974.06 motion for post-conviction relief, asking for a new trial on grounds not currently before this court. Jordan, 2013 WL 3186534 at *2. The Wisconsin Court of Appeals affirmed, and the Wisconsin Supreme Court denied review. Id. 2013 WL 3186534 at *13, cert. denied, 352 Wis. 2d 351, 842 N.W.2d 360 (2013).

Having exhausted his state claims, the petitioner returned to federal court on this *habeas* petition. Dkt. No. 33. Judge Randa denied the petition, in part because he found that the petitioner did not suffer any prejudice from his trial attorney's failure to object to the prosecutor's comments in closing argument. Dkt. No. 53 at 4. Judge Randa concluded that the trial court had

5

advised the jurors before closing that the words of attorneys were not evidence. Id.

On appeal, the Seventh Circuit disagreed, finding that the prosecutor's comments were "a textbook case of improper vouching." Jordan, 831 F.3d at 847. The Seventh Circuit found that the prosecutor's comments conveyed the impression that the one of the detectives would face career repercussions for false testimony, and that the "improper vouching for the credibility of one of the detectives went to the heart of the matter." Id. The court indicated that had defense counsel taken steps to cure the error, there might have been a reasonable probability that the outcome of the trial would have been different. Id. at 848-849. The only question the court did not resolve was the question of whether the trial lawyer's failure to object to the prosecutor's vouching "rendered his performance ineffective under Strickland [v. Washington, 466 U.S. 668, 687 (1984)]." Id. at 848.

## II. STANDARD OF REVIEW

To prevail on his *habeas* petition, the petitioner must show that the state court's adjudication of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. §2254(d)(1). A state court's decision is contrary to clearly established federal law if it reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or reaches a different conclusion than the Supreme Court based on materially indistinguishable facts. See Williams v. Taylor, 529

6

U.S. 362, 404-08 (2000). Similarly, a state court unreasonably applies clearly established precedent if it identifies the correct governing legal principle but unreasonably applies that principle to the facts of the case. See Brown v. Payton, 544 U.S. 133, 141 (2005).

Alternatively, the petitioner may show that the adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A federal court may conclude that a state court decision was based on an unreasonable determination of the facts only "if it rests upon factfinding that ignores the clear and convincing weight of the evidence." Taylor v. Grounds, 721 F.3d 809, 817 (7th Cir. 2013) (citing 28 U.S.C. § 2254(e)(1)) (quotation and citation omitted).

## III. ANALYSIS

### A. Law Governing Ineffective Assistance of Counsel

On *habeas* review, a petitioner claiming ineffective assistance of counsel must show that the state court unreasonably applied the standard set forth by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). The Strickland standard asks (1) whether counsel provided representation that "fell below an objective standard of reasonableness," and (2) whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 688, 694.

7

B. The Seventh Circuit's Conclusions

In the petitioner's appeal, the Seventh Circuit concluded that the petitioner had established the second prong of Strickland:

> We cannot assume that a prompt objection, followed by a curative instruction, would have been ineffective; indeed, a prompt objection would have cut off a good part of the vouching. When the whole case turns on witness credibility, standing silent while the state vouches for its witnesses cannot be justified by reliance on a generic, non-contemporaneous instruction. See Donnelly v. DeChristoforo, 416 U.S. 637, 644, 94 S. Ct. 1868, 40 L. Ed. 2d 431 (1974) ("some occurrences at trial may be too clearly prejudicial for such a curative instruction to mitigate their effect"); see also Goodman v. Bertrand, 467 F.3d 1022, 1030–31 (7th Cir. 2006); Earls v. McCaughtry, 379 F.3d 489, 495–96 (7th Cir. 2004); Cossel v. Miller, 229 F.3d 649, 655–56 (7th Cir. 2000); Hodge v. Hurley, 426 F.3d 368, 385 (6th Cir. 2005). The state trial court's finding (adopted by the Court of Appeals) that counsel's failure to object was not prejudicial is an unreasonable finding in the context of this case.

Jordan, 831 F.3d at 849.

The Seventh Circuit also found that the prosecutor's closing argument comment about the detective fell within the type of argument that the Supreme Court "repeatedly has identified as improper: implying that the jury should believe a witness based on evidence that was not presented to the jury." Id. at 847. Despite that fact, the court noted that if the petitioner's trial lawyer had made a choice not to object to those improper comments "after thorough investigation of law and facts relevant to plausible options, [the defense attorney's] choice is virtually unchallengeable." Id. at 848. On the other hand, the court stated that it would owe no deference to the defense attorney's failure to object if he failed to do so for no "no strategic reason at all." Id.

8

The Seventh Circuit found no evidence in the record to explain why the defense attorney hadn't objected, so the court remanded the case to this court for the single purpose of holding an evidentiary hearing to determine whether the defense attorney "had a strategic reason for failing to object to the prosecution's improper vouching for the witness's credibility." Id. at 850.

C. Attorney Bohach's Testimony

Attorney Bohach testified that at the time of the petitioner's trial, he had tried at least thirty or forty criminal cases. Dkt. No. 83 at 13. At the evidentiary hearing fourteen years later, he had no independent recollection of the prosecutor making the comments about the detective, or of any decision to object (or not to object) to those comments. Dkt. No. 83 at 6, 19, 17. At the hearing, Bohach testified:

> In the context of what you're asking do I have – can I recall the thought process that I would have engaged in for the five seconds that those comments took, I can't tell you I sat there, I remembered a word and then I made an independent determination as to whether I should object or not object. I can't give you that litany 14 years later. My notes are gone and I think –I don't think anybody would remember exactly what their mind was going when we're talking about basically five seconds.

Id. at 6, lines 15-23.

Bohach recalled hearing Detective Kathy Hein's name, and "thinking something was a little odd." He also testified, despite indicating that he couldn't remember what was going through his head at that time, that "given the circumstances I remember saying I'm not gonna call this to the jury's attention." Id. at 7. Two questions later, he agreed with the cross-examiner that

9

"it would be impossible" for him to remember exactly what he was thinking fourteen years previously. Id. He testified that, "in retrospect, I don't think that there was almost anything that would have caused me to object to a rebuttal at 10 to 5:00 on a Friday, given the jury. But that's in retrospect." Id. at 8. See also, id. at 15 ("At that point in time I had very little interest in calling anything to the jury's attention that the prosecutor was saying.")

Bohach also testified that, "with all deference to the Seventh Circuit, I did not think that [the prosecutor's comments] rose to the level of vouching at all." Id. at 16, lines 6-7. Bohach explained that he would define vouching as a circumstance in which the lawyer putting forth the testimony would expressed his or her own believe about whether the witness was truthful. "Saying I know—in other words, in this case I know Detective Hein, Detective Hein's been doing this through a thousand interviews and she's never wrong. I mean that would be an egregious version of it." Id. at 16, lines 10-13. In contrast, Bohach opined that a prosecutor asking the jury "who has the most to lose" was "really a statement of fact almost," because the detective had testified about her experience. He indicated that he'd seen "something close" to those kinds of statements "in several other trials." Id. at 16, lines 14-19.

D. This Court's Conclusion

Based on the full evidentiary hearing transcript, and with particular focus on the excerpts quoted above, the court finds that Attorney Bohach did not really remember the substance of the prosecutor's comments. The court further concludes that Bohach did not think the prosecutor's comment

10

constituted improper vouching for the detective; if he does not now (and likely did not then) consider the comment improper, his reason for failing to object would not have been "strategic."

Finally, Bohach's testimony that generally he would not have wanted to object to a prosecutor's rebuttal statement just before 5:00 p.m. on the Friday of a week-long trial does not constitute a "strategic" decision not to object to this particular comment. The court understands the sentiment, but the testimony is something of a hyperbole. Imagine that, at 4:50 p.m. on Friday afternoon, the prosecutor had said, "I know the judge told you that you had to presume the defendant innocent, but you know that's just something the judge has to say. Really, you've known he was guilty from the moment you saw him, and you know it now." A defense attorney's decision to just "let that go" to avoid annoying a tired jury would not be an acceptable "strategic" decision.

The court finds that defense counsel did not have a strategic reason for failing to object to the prosecutor's comment, and thus, that his performance fell below an objective standard of reasonableness. Because the Seventh Circuit already has found prejudice, the petitioner is entitled to *habeas* relief.

## IV. CONCLUSION

The court **GRANTS** Joseph J. Jordan's petition for a writ of *habeas corpus.* Dkt. No. 1. The respondent shall release the petitioner from custody unless, within ninety days of the date of this decision, the State initiates

proceedings to retry him.

Dated in Milwaukee, Wisconsin, this 19th day of May, 2017.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge